Henderson, J.
delivered the opinion of the Court.
The acceptance of the account mentioned in this case, cannot be considered as a payment of the debt; if it operates to the destruction of the demand, it must be by way of satisfaction. Had it been a payment made to one administrator, it would unquestionably have been good; for then, it would have been the performance of the thing stipulated; it would not have rested its discharge of the debt on the agreement of the administrator. A satisfaction is a very different thing; it is not the performance of the act stipulated to be done, but the performance of another act in its lieu, its validity depending doubly in agreement. The case, then, resolves itself into this question — can an administrator (where there are others) by his agreement, alter or change the nature of the duty or debt due or owing to his intestate? We think he cannot. Administrators (where there are more than one) act under a joint commission, not a joint and several one; they have no interest in the estate, only a bare authority; there are some modern dicta, to the contrary; but we admire the old rules, which confine those who have an authority only, and no interest, strictly to their authority; it prevents abuse of power and injures none; it prevents specula *548 tion, and compels those who have any agreements with the estates of dead men, to perform them, not to get clear of them by agreements with those who have no real interest in the estates; for the claim to commissions do, not give an interest in the estate, they are only a compensation for the care and trouble of the administrator. It is unnecessary now to decide, whether executors are not placed in the same situation, since the passing of the law taking the surplus from them. Nor whether such a satisfaction as the present would not have been good, if agreed to and received by a sole administrator.
Let there be judgment for the plaintiffs.